[Civ. No. 3852.   Third Appellate District.—February 9, 1931.]

MT. SHASTA POWER CORPORATION (a Corporation), Respondent, v. RODERICK McARTHUR et al., Appellants.

Jesse W. Carter and Annette Abbott Adams for Appellants.

William B. Bosley, Jones & Dall, Athearn & Farmer, Frank R. Devlin and Chenoweth & Leininger for Respondent.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—This cause is before us upon an appeal from an order settling plaintiff's cost bill and refusing to strike out certain items. The record shows that in an action tried in the superior court of the county of Shasta, both the plaintiff and the defendants were awarded their costs, and at the conclusion of the trial, both the plaintiff and the defendants filed their cost bills in which they set out as an item of costs the expense of one-half of the transcript of the testimony taken in the cause just referred to, which

transcript was ordered by the court under the provisions of section 274 of the Code of Civil Procedure.

The record shows that at the beginning of the trial the court ordered that an original transcript of the testimony be made by the reporter from day to day, and the expense thereof charged to the respective parties in equal proportions, to wit, at 10 cents a folio, being 20 cents a folio for the transcript ordered by the court. The record further shows that at the time of the making of the order just referred to the plaintiff and the defendants also ordered one copy each of the transcript, at a cost of 6½ cents per folio. On the following day the record shows that the plaintiff desired two extra copies of the testimony, which copies the reporter agreed to furnish the plaintiff, as follows: One extra copy for 4 cents per folio and one extra copy for 3 cents per folio.

One-half of the total cost of the original transcript of the testimony ordered by the court amounted to the sum of $675.48. The plaintiff, and also the defendants, in their cost bills, set forth an item of cost in the sum above named, and costs were allowed the respective parties in the sum mentioned, for and on account of the original copy of the transcript of the testimony ordered by the court.

The contention is now made that under the third paragraph of section 274 of the Code of Civil Procedure the appellants should have paid only 4 cents per folio as their portion of the costs of the original copy ordered by the court. This contention is based upon the fact that after the court had ordered the original copy, and the parties hereto had each agreed to take a copy at 6½ cents per folio, the plaintiff ordered two additional copies, and therefore five copies in all were made by the reporter, and only 8 cents per folio should have been charged for the original copy, and that the defendants have overpaid costs for the original copy in the sum of 6 cents per folio which should have been borne by the plaintiffs by reason of the fact that the plaintiffs obtained two extra copies at a reduced rate. The provision of the section relied upon reads as follows: "For transcription of one copy, 20 cents per one hundred words; for two copies made at one time, 15 cents each per one hundred words; for three copies made at one time, 11 cents each per one hundred words; for four copies made at one time, 9 cents each per one hundred words; and for five

or more copies made at one time, 8 cents each per one hundred words.''

In basing their argument upon this section the appellants overlook the fact that only one copy was ordered by the court; that the court ordered an original transcript of the testimony to be made and charged respectively, one-half to the parties in this action. Whatever agreements or orders were made by the parties to this action, they were independent, separate and distinct from the order made by the court. It would hardly be contended that if an outsider entered into an agreement with the reporter to obtain a transcript of the testimony, that this would have anything to do with the cost of the original transcript ordered by the court. Had the court ordered five or more copies to be made, then and in that case no greater charge than 8 cents per folio could have been made for any of the copies. Likewise, had any one of the parties involved in this action, ordered from the reporter five or more copies, the reporter could not legally have charged more than 8 cents per folio for such copies. The fact that after agreeing to, and furnishing each of the respective parties one copy of the testimony for 6½ cents per folio, the reporter agreed with the plaintiff to furnish extra copies for 4 cents and 3 cents per folio, has no bearing upon the costs of the original transcript ordered by the court, and the defendants are not disadvantaged in the least by reason of the fact that they did not order extra copies. The additional copies ordered by the plaintiff and the cost thereof constituted an independent transaction between the plaintiff and the reporter. It appears that the reporter did not charge all that he might have charged under the section of the code, but that does not affect the transaction in the least, as there is nothing in the section to prohibit charging less than the law allows.

A reference to the case of *Barkly* v. *Copeland*, 86 Cal. 493 [25 Pac. 3, 4], confirms what we have heretofore stated. In that action the court had ordered an original transcription, chargeable one-half to the respective parties, and thereafter, one of the parties obtained additional copies and inserted the expense thereof in the cost bill. The court in dealing with this question used the following language: ''By the order of the court, this half of the fees thus paid by the defendant in the first instance became a necessary part of the costs and disbursements incurred by him in defense of

the action. He was therefore entitled to recover it from his adversary, against whom he obtained judgment. As to the second item, . . . paid by the defendant for the second transcription, he could not recover that or any part of it, from the plaintiff, as neither the latter nor the court had ordered it, but the defendant alone. . . . 'The party ordering the reporter to transcribe any portion of the testimony or proceedings must pay the fees of the reporter therefor.' " The record shows in this case that the respective parties were charged, and had paid the amounts apportioned by the court order for the original transcription. The remaining copies were. matters of private agreements. If the costs were excessive, action only would lie against the reporter.

A number of other questions were argued by counsel, such as the question of estoppel, but we do not think such questions necessary to be considered for a determination of this action.

The order of the trial court is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 11, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 6, 1931.