[Civ. No. 15774. First Dist., Div. One. Aug. 18, 1954.]

TOWN OF EMERYVILLE, Appellant, v. FRANK B. DURKEE, as Director of State Department of Public Works and Chairman of Highway Commission, et al., Respondents.

William H. Quinn, City Attorney, Weinmann, Rode, Burnhill & Moffitt and Cyril Viadro for Appellant.

Edmund G. Brown, Attorney General, Herbert Wenig, Deputy Attorney General, Robert E. Reed, Holloway Jones, Jack M. Howard and Edward L. Doyle, for Respondents.

BRAY, J.—Plaintif appeals from a judgment dismissing the action following the sustaining of a demurrer to the complaint and the granting of a motion to dismiss.

QUESTION PRESENTED

The principal question is whether the complaint states or could state a cause of action. The determinative question in this regard is the interpretation of the contract between plaintiff and defendant Department of Public Works.

RECORD

The proceeding was brought to enjoin the construction by the State Department of Public Works of certain improvements to the Eastshore Highway in the county of Alameda. In the first count of the complaint the town of Emeryville alleges the official positions of the defendants and that on March 2, 1942, the State of California, acting through the Department of Public Works, and the town of Emeryville entered into a written contract pursuant to section 100.2, Streets and Highways Code (providing for the closing of city streets by agreement between the Department of Public Works and a city in connection with freeway construction).

A copy of the contract is annexed to the complaint. The contract provides, after referring to the fact that the California Highway Commission has declared a freeway within the city limits, route of which is described:

1. The city agrees and consents to the closing of city streets, relocation of city streets and other construction affecting city streets, all as shown on plan, Exhibit A thereto attached.

2. The state, in the construction of said freeway, will, at the state's expense, "make such changes affecting city streets in accordance with the said plan attached hereto or as the same may hereafter be modified by subsequent agreement between the parties hereto."

3. The city will resume control and maintenance of the relocated or reconstructed city streets, on notice that the work provided for on such street has been completed, except as to any portion which is adopted by the state as part of the freeway.

4. The agreement may be modified at any time by the mutual consent of the parties.

Exhibit A shows (1) an overpass at the intersection of the Eastshore freeway and Powell Streets in Emeryville, (2) an overpass and certain traffic interchange facilities at the Ashby Avenue, Berkeley, intersection, and (3) a service road on the east side of the freeway. This service road does not connect with Powell Street but runs from a point a short distance northerly thereof to a connection in Berkeley with the proposed Ashby Avenue overpass. The only Emeryville street which approaches the freeway is Powell Street.

On May 2, 1951, the Division of Highways proposed to Emeryville a new contract to replace the March 2, 1942, one This contract contained two specified departures in the pro-

posed freeway construction. These are (1) the substitution of a service road on the westerly side of the freeway for that shown on Exhibit A as on the easterly side, and a different type of separation structure as Ashby Avenue, Berkeley, than indicated on Exhibit A. Emeryville rejected the proposed new contract and requested the division to proceed with the construction contemplated by the first contract. The complaint alleges that notwithstanding this rejection defendants prepared specifications for the work described in the rejected contract as to the Powell Street overpass and advertised for bids covering said work, said bids to be opened June 11, 1952, and will award a contract for the construction of the first contract improvements to the successful bidder. Allegations of irreparable injury if the construction is made as contemplated in the rejected contract instead of as contemplated in the first contract, are made.

There were two other counts by individual plaintiffs. As they have dismissed their appeals it is unnecessary to consider those counts.

During the pendency of this action a contract was let for the construction of the Powell Street overpass and it is now practically completed. As this overpass corresponds practically with that proposed on Exhibit A and in view of its virtual completion, plaintiff admits that the action is moot so far as the situation at Powell Street is concerned. Plaintiff contends, however, that as to the substitution of the service road and the type of structure being constructed at Ashby Avenue it is entitled to an adjudication of whether the complaint states a cause of action or one can be stated entitling them to some relief.

## THE ALLEGED CAUSE OF ACTION

To determine this question merely requires an examination of the contract to see just what it was that the Department of Public Works agreed to do. As the contract is clear and unambiguous and in it the department did not agree to construct a service road or Ashby Avenue intersection structure as shown on Exhibit A, it becomes unnecessary to determine whether under section 100.2, Streets and Highways Code, or otherwise, the department would have the authority to so agree. In the contract the city agrees and consents "to the closing of City streets, relocation of city streets and other construction affecting city streets" as shown on the attached plan. Actually there are shown no Emeryville streets to be closed, nor relocated. Nor is there any construction affecting

any street other than Powell, and the construction now in progress there is according to plan. The only engagement of the state is to "make such changes affecting city streets in accordance with the said plan" or as said plan may be modified by agreement. The state has performed its agreement by constructing at Emeryville's only city street shown on the plan to be affected by the proposed freeway, the very separation structure proposed.

Thus it appears from the complaint itself that no cause of action was, or could be, stated. Hence the demurrer was properly sustained without leave to amend.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.