[Civ. No. 9377.   Third Dist.   July 21, 1958.]

GEORGE A. ADAMS, Appellant, v. COUNTY OF SAN JOAQUIN et al., Respondents.

Louis T. Arbios and Fred M. Bollinger for Appellant.

Richard W. Dickenson, County Counsel, and Frank Gillio, Deputy County Counsel, for Respondents.

SCHOTTKY, J.—Plaintiff filed a verified claim with the Board of Supervisors of San Joaquin County, pursuant to section 439.56 of the Agricultural Code, to recover damages in the sum of $240 for the loss of 12 sheep allegedly killed by dogs. Section 439.56 reads as follows:

"Each such claim shall be verified by the affidavits of two disinterested witnesses who shall fix the value of the livestock, the affidavits to be executed within four days after the finding

of the carcasses of each animal and to establish the fact beyond reasonable doubt that the animal was killed by a dog or dogs. Such claims shall be paid from the fund provided for in this chapter in the same manner as other claims against the county are paid.''

Attached to the claim were the affidavits required by the section.

A hearing was held on the claim by the board, at which time the only testimony that was considered by the board was that of plaintiff and the persons who executed the affidavits in support of appellant's claim. Each one testified that in his opinion the sheep had been bitten by dogs and the bite led to the death of the sheep. At the conclusion of the hearing the board determined by a written order ''that it had not been established beyond a reasonable doubt that the animals which are the subject of the claim were killed by a dog or dogs'' and denied the claim.

Plaintiff thereafter filed an action in the superior court, the complaint setting forth three causes of action. The first sought a declaration of appellant's rights in the livestock indemnity fund and the duties of the various respondents. It was alleged that an actual controversy existed between the parties and that plaintiff did not have an adequate remedy at law. It was also alleged that the board had rejected all claims and that the board apparently seeks a declaration of their rights and duties in the matter; and that the board has a policy of rejecting all such claims which plaintiff believes is due to a misconception of the board as to the validity of the act providing for indemnification. The second cause of action, which was a common count for money due and owing, sought the sum of $240. The third cause of action sought a writ of mandate to compel the board of supervisors to approve the claim.

Defendants filed a demurrer which set up grounds of general and special demurrer to each cause of action. The court sustained the demurrer without leave to amend, but stated in its memorandum opinion that it would transfer the cause to the municipal court for trial on the second cause of action if plaintiff so desired. Judgment was thereafter entered in favor of defendants, and plaintiff has appealed from said judgment.

We have concluded that the court correctly sustained the demurrers to the first (declaratory relief) and third (man-

damus) causes of action but erred in sustaining the demurrer to the second cause of action which was an action on the claim against the county.

■ Section 1060 of the Code of Civil Procedure provides that a person may bring an action for declaratory relief. Section 1061 provides the court may refuse declaratory relief where its declaration or determination is not necessary or proper under all the circumstances. The discretion to be exercised pursuant to the latter section is not unlimited. It is legal or judicial discretion subject to appellate review and declaratory relief must be granted when the facts justifying that course are sufficiently alleged. ■ Refusal is limited to cases where a declaration of rights and obligations would be unnecessary at the time under all circumstances. The determination rests on the facts in each case. (*Kessloff* v. *Pearson*, 37 Cal.2d 609, 612-613 [233 P.2d 899].) ■ There are cases which hold that where a cause of action has accrued the trial court may refuse declaratory relief where an adequate remedy exists under some other form of action. (*Schessler* v. *Keck*, 125 Cal.App.2d 827 [271 P.2d 588]) and cases cited therein. To the same effect see *Kessloff* v. *Pearson, supra.*)

■ Appellant had an accrued cause of action. Section 29715 of the Government Code provides that a claimant dissatisfied with the rejection of his claim may sue the county on the claim at any time within six months after the action of the board. It would seem that a suit on the claim would afford appellant all the relief that he needs. However, a plaintiff's right to proceed is not barred by the fact that a cause of action has accrued. Declaratory relief may be had without regard to the existence of other remedies. ■ Before a court may deny declaratory relief on the ground that other remedies exist it must appear tht the asserted remedies are available to plaintiff and are speedy and adequate or as well suited to the plaintiff's needs as declaratory relief. (*Columbia Pictures Corp.* v. *DeToth*, 26 Cal.2d 753, 761 [161 P.2d 217, 162 A.L.R. 747].) ■ We are of the opinion, however, that an action for money due is adequate in the instant case and all issues can be determined in the action. Therefore, the court properly sustained the demurrer to the first cause of action.

■ As to the third cause of action which sought a writ of mandate, the general rule is that a writ of mandate will not issue to review a decision of a board of supervisors in rejecting a claim. (*Tilden* v. *County of Sacramento*, 41 Cal. 68;

*Burbank* v. *Hamilton,* 63 Cal.App. 745 [219 P. 1047] ; *County of Tulare* v. *Woody,* 132 Cal.App. 459 [22 P.2d 743]. See also *Irvine* v. *Gibson,* 19 Cal.2d 14 [118 P.2d 812].) The board, in passing on a claim, acts in a quasi judicial capacity and their discretion can not be reviewed by a writ of mandate. We agree with the following comment of the trial judge in his memorandum opinion:

''As to the writ of mandamus, the court cannot require the Board of Supervisors to decide the case in favor of plaintiff merely because there was circumstantial proof—and strong proof at that—that plaintiff's sheep were killed by dogs. The Board of Supervisors is vested with quasi judicial powers, and the transcript of the hearing shows that the members of the Board were not satisfied that the evidence met the degree of proof required by the statute. The requirement in the statute with reference to the degree of proof before claims of this character can be approved, presents a question for judicial determination, and not the mere performance of a ministerial act. Unless there has been an abuse of discretion, the court is not justified in interfering regardless of whether the court would have decided the matter in the same manner. The fact that the county offered no rebutting evidence did not place the Board of Supervisors in the position where it was forced to approve the claim. The members found that the proof offered in support of the claim did not establish beyond a reasonable doubt that the sheep were killed or maimed by a dog or dogs. In this they were exercising the well established and historic right which vests in every trier of facts.''

We therefore conclude that the court correctly sustained the demurrer to the third cause of action.

However, we believe that the court erred in sustaining the demurrer to the second cause of action without leave to amend. This cause of action incorporated by reference all of the allegations of the first cause of action with reference to the filing of the claim and proceedings before the board of supervisors and sought to recover judgment for $240, the amount of the claim.

The first cause of action, which was for declaratory relief, and the third cause of action, which was for a writ of mandate, were within the jurisdiction of the superior court and the action was therefore properly filed in the superior court. When the court determined that the demurrer to these two causes of action should be sustained without leave to amend

it should have proceeded with the second cause of action or should have transferred it to the municipal court, as provided in the second paragraph of section 396 of the Code of Civil Procedure. When, instead, it sustained the demurrer to the second cause of action and entered judgment in favor of defendants on said cause of action, this in effect amounted to a dismissal of said cause of action. ▋ This was error, for as stated in *Wexler* v. *Goldstein*, 146 Cal.App.2d 410, at page 414 [304 P.2d 41]:

"The superior court is not under the same disability as the municipal court. The fifth paragraph of section 396 provides: 'Nothing herein shall be construed to *require* the *superior court* to transfer any action or proceeding because the judgment to be rendered, as determined at the trial or hearing, is one which might have been rendered by a municipal or justice court in the same county or city and county.' (Emphasis added.) The effect of this paragraph is to qualify the second paragraph of section 396 as to superior courts only. It gives such courts the discretion either to transfer back to the municipal courts or retain jurisdiction where what otherwise would be a lack of jurisdiction is 'determined at the trial or hearing.' "

Appellant's final contention is that the court erred in allowing $30 as costs for preparation of a reporter's transcript for the use of the respondents. Allowable costs are those necessarily incurred. A reporter's transcript for a party's own use is not a cost necessarily incurred. (*Mt. Shasta Power Corp.* v. *McArthur*, 111 Cal.App. 640 [295 P. 1049]; 13 Cal.Jur.2d, Costs, p. 255.) However, it is unnecessary to rule upon this contention because of the fact that we are reversing the judgment.

The judgment is reversed insofar as it sustains without leave to amend the demurrer to the second cause of action, with directions to the trial court to either proceed with the determination, on its merits, of said cause of action or to transfer it to the municipal court. Insofar as the judgment sustains the demurrers to the first and third causes of action it is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.