[Civ. No. 6423. Fourth Dist. July 28, 1961.]

G. S. SINCLAIR et al., Appellants, v. THE STATE OF CALIFORNIA et al., Respondents.

398

Phill Silver for Appellants.

Stanley Mosk, Attorney General, Walter S. Roundtree, Assistant Attorney General, N. B. Peek, Deputy Attorney General, Robert E. Reed, Chief Attorney, Department of Public Works, George C. Hadley, Assistant Chief Attorney, and Paul E. Overton for Respondents.

COUGHLIN, J.—The plaintiffs, who are the appellants herein, as taxpayers and property owners along a proposed freeway, filed a complaint against the State of California, the California Highway Commission, the Secretary of State of the State of California and the Department of Public Works of the State of California, as defendants, who are the respondents herein, contending that the resolution of the commission locating the route for a proposed freeway was void; seeking a declaration to this effect; and asking that the defendants be enjoined from proceeding thereunder. The defendants demurred to the complaint; the demurrer was sustained without leave to amend; judgment of dismissal followed; thereafter, the plaintiffs moved for a reconsideration of the ruling on the demurrer, for an order vacating the judgment and for permission to file a proposed amended complaint; the motion was denied; and the plaintiffs appealed from the judgment and the order of denial.

The freeway in question involves a rerouting of State Route Number 2 (Sts. & Hy. Code, § 302, subd. (a)) known also as United States Highway 101; would bisect the towns of Cardiff, Encinitas and Leucadia, which are located in the unincorporated territory of San Diego County; and is referred to by the plaintiffs as the "Inland Route."

The complaint, purportedly seeking declaratory relief and injunction, attempts to set forth three causes of action. The

first cause of action concerns section 90 of the Streets and Highways Code which provides that the Department of Public Works "is authorized and directed to lay out and construct all state highways between the termini designated by law and on the most direct and practicable locations as determined by the commission," and is based on the contention that this code section is unconstitutional because it "does not provide an ascertainable standard to guide the Highway Commission in arriving at a determination as to what constitutes a 'most direct and practicable route,'" and, for this reason, constitutes an unlawful delegation of legislative power to the Highway Commission. The allegations of the first cause of action in the proposed amended complaint are similar to those in the original complaint except for the additional allegation that the code section in question violates the due process clause of the United States Constitution. The second cause of action is based on the contention that the language of section 90 is vague and uncertain in that it cannot be ascertained therefrom whether "the Highway Commission is required to select the *most* practicable route, or merely *a* practicable route," which uncertainty renders the statute invalid and results in an unconstitutional delegation of legislative power. The allegations of the second cause of action in the proposed amended complaint elaborate on those contained in the original complaint but relate substantially the same subject matter and add the additional contention that the selection of any highway route under the subject code section would violate the due process clause of the 14th Amendment of the United States Constitution. The third cause of action is based on the contention that section 90 requires the Highway Commission to adopt the most practicable route, and in doing so it is required to apply seven criteria, i.e., whether the route should be preferred (1) which will bypass smaller towns, rather than one which will bisect such towns, (2) which will cause the displacement of the least number of homes, or (3) the least amount of disruption of existing public services, or (4) the least financial injury to the communities affected, or (5) the least adverse effect upon the general welfare of those communities, or (6) the loss of the least amount of tax revenue to the cities and counties affected, or (7) which will cause the State and the United States Governments the least total cost; and that in selecting the route in question the Highway Commission "acted in excess of the powers vested in it and was guilty of arbitrary and capricious conduct constituting an

abuse of discretion'' in that it refused to apply the foregoing criteria. By the third cause of action in their proposed amended complaint the plaintiffs also claim that the action of the Highway Commission was ''a quasi judicial decision which is subject to judicial review''; and that an interpretation that the findings of the commission are not subject to review is a violation of the due process clause of the 14th Amendment of the United States Constitution. Each cause of action contained allegations purporting to state the existence of a controversy between the parties respecting the contentions heretofore noted. The plaintiffs prayed that section 90 be declared unconstitutional; that the resolution of the Highway Commission selecting the Inland Route be declared void; and that the defendants be enjoined from taking any further action thereon.

A comparison of the allegations of the original complaint with those of the proposed amended complaint leads to the ready conclusion that no substantial difference exists between them; that no purpose would be served in permitting further amendment; and that if the demurrer was well taken, the order sustaining the same without leave to amend was proper. (*Wing* v. *Forest Lawn Cemetery Assn.*, 15 Cal.2d 472, 485 [101 P.2d 1099, 130 A.L.R. 120]; *Town of Emeryville* v. *Durkee*, 127 Cal.App.2d 152, 155 [273 P.2d 282]; *Barrier* v. *Alexander*, 100 Cal.App.2d 497, 501 [224 P.2d 436].)

 The Legislature has the constitutionally vested power to establish a system of state highways (Cal. Const., art. IV, § 36), which includes the power to locate and relocate that type of highway known as a freeway (*Holloway* v. *Purcell*, 35 Cal.2d 220, 227-229 [217 P.2d 665]); may delegate this power to an administrative agency ''within the framework of a sufficiently definite primary standard'' (*Holloway* v. *Purcell, supra,* 35 Cal.2d 220, 231); and has done so by the adoption of sections 71, 90, 100.2 and 100.3 of the Streets and Highways Code,[1] which designate the Highway Commission as

[1]Section 71. ''The commission may alter or change the location of any State highway if in the opinion of the commission such alteration or change is for the best interest of the State.''

Section 90. ''The department shall have full possession and control of all state highways and all property and rights in property acquired for State highway purposes. The department is authorized and directed to lay out and construct all State highways between the termini designated by law and on the most direct and practicable locations as determined by the commission.''

Section 100.2. ''The department is authorized to enter into an agreement with the city council or board of supervisors having jurisdiction

such agency and fix the standards by which it shall be governed in the exercise of this power.

In *Holloway* v. *Purcell, supra,* 35 Cal.2d 220, 231-232, the court said: "The Legislature has adopted a policy of freeway construction in the public interest. It has properly delegated to the highway commission the authority to determine when and where freeways will be constructed, and it has properly required that the authority be exercised in accord with the needs of the public interest. Such a delegation of legislative power is valid."

This conclusion followed a consideration of sections 100.1, 100.2 and 100.3 of the Streets and Highways Code about which the court stated: "The statutes in question require the commission to exercise its authority only on 'such terms and conditions as in its opinion will best subserve the public interest.' That requirement provides an adequate standard to guide the commission." (*Holloway* v. *Purcell, supra,* 35 Cal. 2d 220, 231.)

However, the plaintiffs contend that the court in *Holloway* v. *Purcell, supra,* 35 Cal.2d 220, did not consider the authority of the commission to select a highway route, which is derived from section 90 of the Streets and Highways Code, and did not pass upon the constitutionality of this code section; that the provisions thereof, which authorize the commission to select

over the street or highway and, as may be provided in such agreement, to close any city street or county highway at or near the point of its interception with any freeway or to make provision for carrying such city street or county highway over or under or to a connection with the freeway and may do any and all work on such city street or county highway as is necessary therefor. No city street or county highway shall be closed, either directly or indirectly, by the construction of a freeway except pursuant to such an agreement or while temporarily necessary during construction operations. No city street, county road or other public highway of any kind shall be opened into or connected with any freeway unless and until the California Highway Commission adopts a resolution consenting to the same and fixing the terms and conditions on which such connection shall be made and the said commission may give or withhold its consent or fix such terms and conditions as in its opinion will best subserve the public interest."

Section 100.3. "From and after the adoption of a resolution by the California Highway Commission declaring any section of State highway to be a freeway, the highway described in such resolution shall have the status of a freeway for all purposes of section 100.2.

"Such declaration shall not affect private property rights of access, and any such rights taken or damaged within the meaning of Article I, section 14, of the State Constitution for such freeway shall be acquired in a manner provided by law.

"No State highway shall be converted into a freeway except with the consent of the owners of abutting lands or the purchase or condemnation of their right of access thereto."

404

a route "on the most direct and practicable locations" between the termini designated by law, do not prescribe an adequate standard as a guide; that the language used therein is vague and uncertain in that it cannot be ascertained whether the commission is required to select the *most* practicable location or only *a* practicable location; that, for these reasons, section 90 is an abortive, unconstitutional delegation of legislative power to an administrative agency (*Jersey Maid Milk Products Co.* v. *Brock,* 13 Cal.2d 620, 642 [91 P.2d 577]) ; and, therefore, the resolution of the commission selecting the route in question is void.

██ The standard prescribed by section 90 of the Streets and Highways Code, which authorizes the commission to select the most direct and practicable location for a highway, is supplemented by the standard prescribed by section 71 of that code, which authorizes the commission to change the location of any highway when such "change is for the best interest of the State." These standards are sufficiently definite to guide the commission in the exercise of the powers conferred upon it by the Legislature; limit the exercise of those powers within the confines of a "primary standard" (*Holloway* v. *Purcell, supra,* 35 Cal.2d 220, 230) ; and conform to those approved by the courts in similar situations. (*Holloway* v. *Purcell, supra,* 35 Cal.2d 220, 231; *Ray* v. *Parker,* 15 Cal.2d 275, 287-289 [101 P.2d 665] ; *Jersey Maid Milk Products Co.* v. *Brock, supra,* 13 Cal.2d 620, 641-643, 655; *Hecke* v. *Riley,* 209 Cal. 767, 770, 774 [290 P. 451] ; *Dominguez Land Corp.* v. *Daugherty,* 196 Cal. 468, 484-486 [238 P. 703] ; *California State Auto. etc. Bureau* v. *Downey,* 96 Cal.App.2d 876, 900-907 [216 P.2d 882] ; *National Broadcasting Co.* v. *United States,* 319 U. S. 190, 225-226, [63 S.Ct. 997, 87 L.Ed. 1344] ; *J. W. Hampton, Jr. & Co.* v. *United States,* 276 U. S. 394 [48 S.Ct. 348, 72 L.Ed. 624].) ██ Appropriate standards for the purpose in question may be expressed in general terms, and need not detail the factors which are to guide the administrative agencies whose actions they govern. The contention of the plaintiffs to the contrary is not supported either by reason or precedent.

██ The direction contained in section 90 that the commission shall select "the most direct and practicable locations" for highways, is clear and unambiguous. The phrase "direct and practicable" as an entity describes the type of location to be selected, and the term "most" qualifies the total phrase. The contention of the plaintiffs that the language in question might be construed to mean "the most direct" and "a prac-

ticable location'' relies upon a ridiculously strained construction. Furthermore, even though it be assumed that "the standard is not free of doubt as to its precise meaning, yet that fact furnishes no legal reason for declaring the act unconstitutional." (*Jersey Maid Milk Products Co.* v. *Brock, supra,* 13 Cal.2d 620, 657; *Lockheed Aircraft Corp.* v. *Superior Court,* 28 Cal.2d 481, 484 [171 P.2d 21, 166 A.L.R. 701]; *Pacific Coast Dairy* v. *Police Court,* 214 Cal. 668, 676 [8 P.2d 140, 80 A.L.R. 1217].) Assuming an ambiguity and the divisibility of the phrase "direct and practicable," reasonably construed the statute directs the commission to select that location which is most direct and most practicable. No basis exists for declaring it unconstitutional as vague and uncertain.

■ "Statutes must be upheld unless their unconstitutionality clearly, positively and unmistakably appears." (*Lockheed Aircraft Corp.* v. *Superior Court, supra,* 28 Cal.2d 481, 484.)

The contentions of the plaintiffs with respect to the unconstitutionality of section 90 are without merit.

■ The plaintiffs also contend that the decision of the commission may be judicially reviewed if it is the result of arbitrary and capricious conduct amounting to an abuse of discretion; that the factual determination that a particular route is the most direct and practicable location for a highway is a condition precedent to a decision selecting such a route; that this factual determination is a quasi-judicial function involving the exercise of a discretion which is subject to judicial review, and in the event an abuse of discretion appears will be set aside. Foundational to the plaintiffs' contention as noted is an adequate allegation of facts constituting arbitrary and capricious conduct. Both the complaint and the proposed amended complaint before us lack any allegation of fact constituting arbitrary and capricious conduct which would support an application of the principles relied upon by the plaintiffs as a basis for their third cause of action. The allegations of this cause of action are concerned with the commission's alleged refusal to consider the seven criteria which the plaintiffs claim should be considered by it in determining the most direct and practicable location for the freeway in question. These allegations, in substance, allege a failure by the commission to consider factors which the plaintiffs believe are controlling and, if considered, would have led to the selection of another route. In short, these allegations are sufficient to support a contention that the commission did not

exercise its discretion in accord with the plaintiffs' ideas, but are not sufficient to support a conclusion that its action was the result of arbitrary or capricious conduct.

"Allegations that the acts of a commission or board were 'arbitrary, capricious, fraudulent, wrongful and unlawful,' like other adjectival descriptions of such proceedings, constitute mere conclusions of law which are not to be deemed admitted by a demurrer." (*Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 329 [253 P.2d 659]; *Lavine* v. *Jessup,* 161 Cal.App.2d 59, 70 [326 P.2d 238].)

In their third cause of action, and in their briefs, the plaintiffs refer to the foregoing conduct of the commission as amounting to an abuse of discretion. The evident purpose of such reference is to satisfy their contention that the commission was exercising a quasi-judicial function and that its action, constituting an abuse of discretion, was subject to avoidance upon judicial review. However, the decision of the commission is not quasi-judicial in nature but quasi legislative (*People* v. *Chevalier,* 52 Cal.2d 299, 305 [340 P.2d 598]; *County of San Mateo* v. *Coburn,* 130 Cal. 631, 635 [63 P. 78]; *Wulzen* v. *Board of Supervisors,* 101 Cal. 15, 21 [35 P. 353, 40 Am.St.Rep. 17]; *Sherman* v. *Buick,* 32 Cal. 241, 252-253 [91 Am.Dec. 577]; *Rindge Co.* v. *Los Angeles County,* 262 U. S. 700, 709 [43 S.Ct. 689, 67 L.Ed. 1186]), and the charges of alleged misconduct do not constitute an abuse of discretion but in fact are an attack upon the wisdom of its action, which is not subject to judicial review. (*Faulkner* v. *California Toll Bridge Authority, supra,* 40 Cal.2d 317, 329; *Berkeley High School Dist.* v. *Coit,* 7 Cal.2d 132, 137-138 [59 P.2d 992]; *Nickerson* v. *San Bernardino County,* 179 Cal. 518, 522 [177 P. 465]; *County of Siskiyou* v. *Gamlich,* 110 Cal. 94, 100 [42 P. 468]; *Wulzen* v. *Board of Supervisors, supra,* 101 Cal. 15, 21; *Lavine* v. *Jessup, supra,* 161 Cal.App.2d 59, 69-70; *Ransom* v. *Los Angeles City High School Dist.,* 129 Cal.App.2d 500, 505 [277 P.2d 455]; *cf. Stafford* v. *People,* 144 Cal.App.2d 79, 83 [300 P.2d 231].) By requesting the court to declare the resolution of the commission invalid, upon the ground that it acted in an arbitrary and capricious manner in refusing to accept the criteria suggested by them as its guide in selecting the freeway route under consideration, the plaintiffs seek to have the court prescribe the standard to guide the commission in the exercise of the functions delegated to it by the Legislature; as heretofore noted, the statutes delegating these func-

tions have prescribed a legally adequate standard; and the court may not modify or enlarge that standard.

■ "An administrative order, legislative in character, is subject to the same tests as to validity as an act of the Legislature." (*Knudsen Creamery Co.* v. *Brock,* 37 Cal.2d 485, 494 [234 P.2d 26].)

This statement of the law is particularly pertinent to the instant case because section 79 of the Streets and Highways Code provides that the statutory "delegation of power to the commission shall not be deemed exclusive, but any of the powers herein enumerated may continue to be exercised by the Legislature itself while in session." If the Legislature had made the decision which is attacked by the instant legal proceedings, the obvious falsity of the charge of arbitrary and capricious conduct constituting an abuse of discretion, based on a refusal to accept the criteria advanced by the plaintiffs as a guide in making that decision, would be readily apparent. Under the stated rule, this charge is no less inapplicable because the decision was made by the commission. By this illustration the true attempted effect of the instant proceeding, viz., to modify or enlarge the standard prescribed by the Legislature as a guide, is exposed, and the unavailability of such a proceeding for this purpose is demonstrated.

■ Furthermore, the determination of the commission that a particular location is the most direct and practicable route for a prospective freeway is not a condition precedent to the exercise of the authority conferred by sections 71 and 90 of the Streets and Highways Code, but is a result of the exercise of that authority. Thus a major premise of the plaintiffs' argument is without foundation.

The allegations with respect to denial of due process are wholly superfluous; do not find support in the facts alleged or the law as applied thereto; and do not give life to an otherwise nonexistent cause of action. ■ The due process clause of the United States Constitution does not require either a hearing preliminary to the selection of a highway route, nor a judicial review of the decision of the commission in making such a selection. (*Franchise Tax Board* v. *Superior Court,* 36 Cal.2d 538, 549 [225 P.2d 905]; *Ray* v. *Parker,* 15 Cal.2d 275, 296-297 [101 P.2d 665]; *County of Los Angeles* v. *Rindge Co.,* 53 Cal.App. 166, 172-174 [200 P. 27].)

The plaintiffs also contend that, regardless of the merits of the controversy presented by their complaint, the general demurrer thereto should have been overruled; that it states a

cause of action for declaratory relief because the facts alleged therein show the existence of an actual controversy between them and the defendants; that they are entitled to a declaration respecting this controversy whether the declaration so made is favorable or unfavorable to them, and rely upon the settled rule to this effect. (*Salsbery* v. *Ritter,* 48 Cal.2d 1, 7 [306 P.2d 897]; *Columbia Pictures Corp.* v. *De Toth,* 26 Cal. 2d 753, 760 [161 P.2d 217, 162 A.L.R. 747]; *Maguire* v. *Hibernia Sav. & Loan Soc.,* 23 Cal.2d 719, 728 [146 P.2d 673, 151 A.L.R. 1062].)

It is equally well settled, however, that a judgment of dismissal following an order sustaining a general demurrer to a complaint seeking declaratory relief, when the controversy presented by the allegations of the complaint can be determined as a matter of law, will not be reversed where no prejudice to the right of the plaintiff has resulted from the procedural error incident to such an order and judgment. (*Haley* v. *Los Angeles County Flood Control Dist.,* 172 Cal. App.2d 285, 292-294 [342 P.2d 476]; *City & County of San Francisco* v. *Budde,* 139 Cal.App.2d 10, 12 [292 P.2d 955, 294 P.2d 503]; *Davis* v. *City of Santa Ana,* 108 Cal.App.2d 669, 684 [239 P.2d 656]; *cf. Anderson* v. *Stansbury,* 38 Cal.2d 707, 717 [242 P.2d 305]—where the same principle was applied in sustaining a judgment of dismissal following an order granting a nonsuit; and *Lavine* v. *Jessup, supra,* 161 Cal.App. 2d 59, 69—where a similar conclusion was based on different reasons.)

The complaint in the instant case not only seeks a declaration respecting the constitutionality of section 90 of the Streets and Highways Code and the validity of the decision of the Highway Commission in selecting the Inland Route, but also seeks to enjoin the defendants from taking any action under that resolution; two purported causes of action thus are set forth in the complaint without separately stating the same, i.e., one for declaratory relief and the other for an injunction; the facts alleged in support of the cause of action for injunction, i.e., those which would sustain a conclusion that section 90 was unconstitutional and the resolution of the commission was invalid, necessarily are basic to the controversy alleged in support of the cause of action for declaratory relief; and the order of the trial court sustaining the general demurrer, which passed upon the insufficiency of the complaint to state facts sufficient to constitute any cause of action (*Kessloff* v. *Pearson,* 37 Cal.2d 609, 613 [233 P.2d 899]), of necessity determined

that the statement of facts upon the issues respecting the unconstitutionality of section 90 and the invalidity of the resolution were not sufficient, as a matter of law, to support the contentions of the plaintiffs in this regard. It is clear, therefore, that the order sustaining the general demurrer, as a practical matter, determined the controversy about which the plaintiffs sought a determination. It is equally clear that in the event of a reversal any judgment herein must follow the views expressed in this opinion, which becomes the law of the case; thus this opinion in effect constitutes an express declaration with respect to the controversy presented; and a refusal to order a further expression of these views in a judgment by the trial court would not prejudice the rights of the plaintiffs in the premises. (*Haley* v. *Los Angeles County Flood Control Dist.*, *supra*, 172 Cal.App.2d 285, 293-294.) Under these circumstances a reversal should be denied. (Cal. Const., art. VI, §4½.)

The judgment and order are affirmed.

Shepard, Acting P. J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 20, 1961.