236 Cal.App.2d 142 (1965)
WESTERN HOMES, INC. et al., Plaintiffs and Appellants,
v.
HERBERT KETELL, INC. et al., Defendants and Respondents.
Civ. No. 22513. 
California Court of Appeals. First Dist., Div. Three. 
July 28, 1965.
 Berlin, O'Grady, Doll & Goodman, Sidney L. Berlin, and I. R. Goodman for Plaintiffs and Appellants.
 Dolwig & Athearn, Richard J. Dolwig and Forden Athearn for Defendants and Respondents.
 DEVINE, J.
 Appellant, plaintiff, [fn. 1] seeks reversal of judgment of dismissal which followed sustaining of demurrer to the third amended complaint. Leave was given to amend, but plaintiff declined to amend. The complaint is put into the form of suit for declaratory relief, but essentially the cause is based upon an alleged third party beneficiary contract.
 Respondents Ketell made a contract with parties defendant Saich (who did not demur and who are not parties to this appeal), who were the owners of unimproved real property in the City of Cupertino, whereby the Ketells were to develop the property. Appellant was not a party to the contract. The contract mentions appellant, however, in two paragraphs. Paragraph twenty provides for certain commissions to be paid to appellant, but expressly makes this the obligation of the Saichs, and it is not involved in this appeal. [1] Paragraph *144 thirty reads as follows: "Thirty: Management: Parties contemplate that Western Homes, Inc. and Lloyd Enright shall handle leasing, rental collection, and management of the entire project. It is understood that George Bronner, sole owner of such corporation, shall personally have the continued benefit and obligation of such employment. Also it is understood that Real Estate License No. XXXXXXXXX will receive fifty (50%) per cent of the gross revenue of Western Homes, Inc. payable as received by Western Homes, Inc." The complaint alleges that the contract between the Saichs and Ketell would not have been made without paragraph thirty as a material part.
 Plaintiff alleges that an actual controversy exists between plaintiff and defendants in that plaintiff claims the right to manage and to continue to manage the project which is the subject of the written agreement, but defendants claim they have the right to terminate, dismiss and discharge plaintiff from his management functions and that plaintiff has no rights under said agreement; plaintiff prays judgment declaring whether under the terms of said contract, and in particular paragraph thirty thereof, plaintiff has the right to manage and to continue to manage the project.
 Demurrer is on grounds that the complaint does not state a cause of action and that it is uncertain or that it is not alleged how defendants are under any obligation to plaintiff under the contract.
 Judgment of dismissal was proper. No contractual obligation is contained in the paragraph which is plaintiff's sole claimed source of right. There is at most an agreement to agree, which is not a contract, because either party may refuse to agree. (Autry v. Republic Productions, Inc., 30 Cal.2d 144, 151 [180 P.2d 888]; Ablett v. Clauson, 43 Cal.2d 280 [272 P.2d 753]; Conley v. Fate, 227 Cal.App.2d 418, 423 [38 Cal.Rptr. 680]; Alaimo v. Tsunoda, 215 Cal.App.2d 94 [29 Cal.Rptr. 806]; Louis Lesser Enterprises, Ltd. v. Roeder, 209 Cal.App.2d 401, 408 [25 Cal.Rptr. 917]; Roven v. Miller, 168 Cal.App.2d 391 [335 P.2d 1035]; Roberts v. Adams, 164 Cal.App.2d 312 [330 P.2d 900]; Ridgway v. Chase, 122 Cal.App.2d 840, 849 [265 P.2d 603]; 1 Williston on Contracts (3d ed.) 45, p. 149; 1 Corbin on Contracts, 29, p. 85.)
 The parties merely expressed what was "contemplated." [2] The word "contemplates" in itself embraces the future at least to the extent of being opposed to the thought of a fixed determination. (Kurihara v. City Market of Los Angeles, *145 90 Cal.App. 374, 378 [265 P. 987].) It indicates an expectation or intention rather than a promise or undertaking. (Read v. Fox, 119 App.Div. 366 [104 N.Y.S. 251]; Hansen v. Catsman, 371 Mich. 79 [123 N.W.2d 265, 267].) [3] But the words "contemplates" and "contemplated," if coupled with terms in the contract which showed a degree of definiteness or certainty, may by this association gain the strength of "agreed," and impose an obligation. (Denker v. Twentieth Century-Fox Film Corp., 26 MisCal.2d 1035 [210 N.Y.S.2d 241, 244].)
 [4] In this case, however, the elements which were "contemplated" are so uncertain that not only are these elements themselves too indefinite to be contractual, but they also are so vague as to prevent a change of the contingent and prospective meaning of "contemplated" to the positive and present meaning of "agreed."
 For what was "contemplated" was an engagement of Western Homes, Inc. and Lloyd Enright (Mr. Enright is not a party to this action) for leasing, rental collection and management of the project, with an understanding that George Bronner shall personally have the continued benefit and obligation of such employment. Nothing is said about the amount of compensation, nor about how it is to be paid--by year, month or other period. Nor is there a word about the duration of employment. In the whole contract, which is made an exhibit to the third amended complaint, there is shown an indefinite continuation of the project; there is no termination date. Nor can it be ascertained whether it was "contemplated" that plaintiff, a real estate broker, was to be engaged as an independent contractor or as an employee. It is evident that the parties had not yet struck an agreement, and that, whatever their individual thoughts were about the third party, appellant, the parties had not arrived at a binding agreement for his benefit. The instrument is essentially lacking in certainty of terms. It is not, in the paragraph which is necessary to appellant's claims, contractual.
 Appellant cites Rivers v. Beadle, 183 Cal.App.2d 691 [7 Cal.Rptr. 170], as authority for the proposition that the existence of some uncertainties or omissions in a contract is not fatal. But there, the contract expressly provided that plaintiff, a broker, had the exclusive right to sell three houses at a commission of 3 per cent. Time of construction was omitted, but for this single and definable operation, the court would *146 supply reasonable time as a term of the contract. Practicable and objective means of filling a gap may be at hand to save, though not to make, a contract. (See 1 Corbin on Contracts, 97, p. 423.) But in the case before us, there is complete absence of essentials.
 It is argued by appellant that he need not show, in a complaint for declaratory relief, that he is entitled to prevail in order to state a cause, citing Maguire v. Hibernia Savings & Loan Society, 23 Cal.2d 719, 729 [146 P.2d 673, 151 A.L.R. 1062]; and, of course, this is so. [5] But the remedy of declaratory relief is subject to an informed and sensible discretion of the trial judge. (Code Civ. Proc., 1061.) Judgment of dismissal on an order sustaining a general demurrer to a complaint for declaratory relief is not to be reversed where the allegations of the complaint show that plaintiff has no cause of action. The declaration by the appellate court accomplishes declaratory relief. (Sinclair v. State of California, 194 Cal.App.2d 397, 408 [15 Cal.Rptr. 493]; Fairchild v. Bank of America, 192 Cal.App.2d 252 [13 Cal.Rptr. 491]; Haley v. Los Angeles County Flood Control Dist., 172 Cal.App.2d 285 [342 P.2d 476].) [6] This rule should be applied in this case, where the contract produced by appellant as an averred third party beneficiary discloses that the parties have not agreed on terms as to appellant.
 Judgment affirmed.
 Draper, P. J., and Salsman, J., concurred.
NOTES
[fn. 1] 1. Although there are two plaintiffs, George Bronner and Western Homes, Inc., a corporation wholly owned by him, the third amended complaint refers merely to "plaintiff" and we have kept the designation in the singular.