Filed 7/23/14  Mele & Ros v. Walker CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MELE & ROS, APC, | D064425 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00091699-CU-MC-CTL) |
| PATRICIA PLIEGO WALKER, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joel M. Pressman, Judge.  Affirmed.

Mele & Ros and Jose Ramon Ros for Plaintiff and Appellant.

Patricia Pliego Walker, in pro. per.

The law firm of Mele & Ros, APC (Mele & Ros) appeals the trial court's grant of judgment (Code Civ. Proc., § 631.8) in its action for declaratory relief against respondent Patricia Pliego Walker.  Mele & Ros contends (1) its declaratory relief action was proper;

(2) the trial court erred by permitting the parties to proceed with arbitration under the Mandatory Fee Arbitration Act (MFAA; Bus. & Prof. Code,[1] § 6200 et seq.); and (3) the court erroneously declined to find that Walker's claim was barred under the doctrine of res judicata. We affirm the judgment.

## BACKGROUND

Mele & Ros sued Walker for declaratory relief, alleging that starting in May 2008, it represented Walker in her marriage dissolution and in a domestic violence matter. Its last bill sent to Walker was dated June 2009. In May 2011, Walker and her husband filed a complaint for arbitration with the San Diego County Bar Association (SDCBA). The Walkers claimed that Mele & Ros had committed the following tortious acts: double dipping, false contempt, wire fraud, improper child support garnishment and unconscionable contract. Mele & Ros filed an objection with the SDCBA, which declined to suspend arbitration, although it acknowledged it had no jurisdiction to award affirmative damages or rule on an aspect of the complaint regarding a claim by Walker's husband, who had no attorney-client relationship with Mele & Ros.[2]

Mele & Ros sought declaratory relief on six grounds: (1) Walker had signed a retainer agreement with Mele & Ros waiving the right to bring fee disputes beyond 15 days after she had received a billing statement; (2) Walker's claim was barred under the

---

[1] All statutory references are to the Business and Professions Code unless otherwise stated.

[2] To the extent it is established that any of the fees were court-ordered, the arbitrator has no jurisdiction to address those fees.

doctrine of laches because Mele & Ros's last bill sent to Walker was dated June 2009; (3) a controversy existed regarding whether Walker had waived her right to arbitration in light of a small claims court action that Walker's husband had prosecuted regarding attorney fees; (4) the parties had resolved the fee dispute in court proceedings in 2008 and 2009; and (5) Walker's complaint with the SDCBA alleged matters beyond the arbitrator's jurisdiction; specifically, that Mele & Ros had engaged in tortious conduct.

Walker moved for nonsuit, and following a May 2013 bench trial, the court granted Walker's motion, which it deemed a motion for judgment: "The claim for declaratory relief pled in plaintiff's complaint and tried before this court involved affirmative defenses raised in underlying arbitration . . . . Generally, matters that are affirmative defenses are not separate matters for declaratory relief. . . . [¶] The affirmative defenses are to be raised in the arbitration matter. The dispute over attorney fees is subject to mandatory fee arbitration under the MFAA and the arbitrator has jurisdiction over the affirmative defenses raised in the arbitration."

DISCUSSION

In rejecting Mele & Ros's claims of error, we are guided by the following law: Code of Civil Procedure section 1060, which provides parties with broad rights to secure a declaration of rights and obligations, states in part: "Any person interested . . . who desires a declaration of his or her rights or duties with respect to another, . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or

3

her rights and duties . . . .  He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties . . . ."  However, Code of Civil Procedure section 1061 provides an exception to that broad language as follows:  "The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."  The California Supreme Court has held:  "The discretion to be exercised pursuant to [Code of Civil Procedure] section 1061 is not unlimited.  It is a legal or judicial discretion subject to appellate review, and declaratory relief must be granted when the facts justifying that course are sufficiently alleged.  [Citation.]  Refusal is limited to cases where a declaration of rights and obligations would be unnecessary or improper at the time under all the circumstances.  The determination rests on the facts in each case."  (*Kessloff v. Pearson* (1951) 37 Cal.2d 609, 613.)

"The purpose of Code of Civil Procedure section 631.8 is 'to enable the court, when it finds at the completion of plaintiff's case that the evidence does not justify requiring the defense to produce evidence, to weigh evidence and make findings of fact.'  [Citation.]  Under the statute, a court acting as trier of fact may enter judgment in favor of the defendant if the court concludes that the plaintiff failed to sustain its burden of proof.  [Citation.]  In making the ruling, the trial court assesses witness credibility and resolves conflicts in the evidence.  [Citations.]  [¶]  On appeal, we view the evidence in the light most favorable to the judgment, and are bound by trial courts' findings that are supported by substantial evidence.  [Citation.]  But, we are not bound by a trial court's interpretation of the law and independently review the application of the law to undisputed facts."

4

(*People ex rel. Dept. of Motor Vehicles v. Cars 4 Causes* (2006) 139 Cal.App.4th 1006, 1012.)

Here, in granting judgment, the court relied on case law stating: " 'The court may refuse to [grant declaratory relief] in any case where its declaration or determination is not necessary or proper at the time under all the circumstances.' " (*C.J.L. Construction, Inc. v. Universal Plumbing* (1993) 18 Cal.App.4th 376, 390; accord, Code Civ. Proc., § 1061; *California Ins. Guarantee Assn. v. Superior Court* (1991) 231 Cal.App.3d 1617, 1624 [" 'The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief.' "]

Under the facts of this case and the applicable law, the court did not err in granting judgment because Mele & Ros's affirmative defenses, which it sought to adjudicate in its declaratory relief action, can be addressed in the MFAA arbitration. Mele & Ros was mandated to participate in the arbitration following Walker's complaint with the SDCBA. Specifically, the Legislature created the MFAA as a separate arbitration scheme applicable to disputes between clients and attorneys over legal fees, costs, or both. (§ 6200, subd. (a); *Schatz v. Allen Matkins Leck Gamble & Mallory LLP* (2009) 45 Cal.4th 557, 565-566 (*Schatz*).) " 'The primary limitation of the MFAA is that it applies only to disputes concerning "[legal] fees, costs, or both" (§ 6200, subd. (a)) and is specifically inapplicable to "[c]laims for affirmative relief against the attorney for damages or otherwise based upon alleged malpractice or professional misconduct." ' " (*Schatz*, at p. 565.) Arbitration under the MFAA is based on statute and does not require a prior agreement. (*Ibid*; *Aguilar v. Lerner* (2004) 32 Cal.4th 974, 984 (*Aguilar*).) The

5

MFAA arbitration is voluntary for the client, but mandatory for the attorney if commenced by the client.  (§ 6200, subd. (c); *Schatz*, *supra*, at p. 565; *Aguilar*, *supra*, at p. 984.)

## DISPOSITION

The judgment is affirmed.  Patricia Pliego Walker is awarded costs on appeal.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.