[Civ. No. 18272.   Second Dist., Div. Three.   Aug. 31, 1951.]

ART SMOKLER, Respondent, v. CITY OF LOS ANGELES
et al., Appellants.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, and Alan G. Campbell, Deputy City Attorney, for Appellants.

George E. Cryer and R. Alston Jones for Respondent.

VALLÉE, J.—Appeal by defendants from a judgment which decreed that certain provisions of the zoning ordinance of the city of Los Angeles (Ord. 90,500 as amended; Los Angeles Municipal Code, §§ 12-16.02), insofar as they operate

to prohibit plaintiff from conducting the business of automobile wrecking, as therein defined, on specified parcels of real property, is unreasonable, unconstitutional, and void. The judgment also enjoins defendants from interfering with plaintiff in conducting the automobile wrecking business on said property.

Plaintiff is the owner of several contiguous parcels of real property on San Fernando Road in Los Angeles. He acquired one parcel in 1944, two in 1948, and two in 1949. Since acquiring the several parcels he has continuously occupied them, and during most of the time engaged thereon in the business of buying and dismantling used motor vehicles and selling parts thereof. Plaintiff's property is classified by the zoning ordinance in zone "M2." The use of property for automobile wrecking is not permitted in zone "M2." It is permitted in zone "M3." The court concluded that the ordinance is unconstitutional as a matter of law in excluding automobile wrecking yards from zone "M2."

Since the appeal was taken, and on January 9, 1951, the provisions of the Los Angeles Municipal Code prohibiting the use of property in zone "M2" for automobile wrecking were amended to permit such use therein. The question whether the ordinance is unconstitutional in prohibiting the use of property in zone "M2" for automobile wrecking is, therefore, moot. The appeal should not be dismissed however. To do so would permit plaintiff to conduct an automobile wrecking business in zone "M2" in any manner whatsoever without limitation or restriction and would restrain defendants from interfering therewith. The ordinance (No. 97,521), adopted January 9, 1951, permits the use of property in zone "M2" for automobile wrecking under conditions therein particularly specified. The judgment should give plaintiff the right to use his property to conduct an automobile wrecking business under the conditions specified by Ordinance 97.521 and any ordinance hereafter adopted applicable to the conduct of an automobile wrecking business.

The judgment is reversed with directions to enter a judgment in accordance with the views herein expressed.

Shinn, P. J., and Wood (Parker), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 29. 1951. Shenk, J., Carter, J., and Schauer, J., voted for a hearing.