[Civ. No. 16671.   First Dist., Div. Two.   Feb. 2, 1956.]

## CITY AND COUNTY OF SAN FRANCISCO, Appellant, v. HENRY J. BUDDE et al., Respondents.

Dion R. Holm, City Attorney, George E. Baglin and Patrick R. Kelly, Deputy City Attorneys, for Appellant.

Edmund G. Brown, Attorney General, Miriam E. Wolff and Robert L. Berman, Deputy Attorneys General, for Respondents.

NOURSE, P. J.—Plaintiff sued the members of the Board of State Harbor Commissioners on a complaint which has some of the features of an action for declaratory relief, some of those of a mandatory injunction, and some of those of a prohibitory injunction. The defendants answered denying some of the pleaded facts and made a separate plea that the complaint did not state a cause of action.

At the conclusion of the trial the court granted defendants' "motion for a non-suit and gen. dem." The judgment recites that it is based on the order for a nonsuit for the insufficiency of plaintiff's proof. This leaves the question on appeal whether the facts proved supported any of the grounds for relief for which plaintiff prayed.

The Embarcadero forms part of the tideland which is administered by the defendant Board of State Harbor Commissioners under statutes which clearly define the powers and duties of the commissioners. For many years the state has maintained the Embarcadero as a highway approximately 180 feet wide running along the uneven shore of the San Francisco Bay. Over this street the board has operated a state-owned railway for the transportation of freight to and from transcontinental railway lines and ships at the transportation docks.

In the year 1940 the Harbor Board realigned its tracks at the intersection with Francisco Street by laying new tracks at ballast and erecting curbs on either side of the tracks, thus preventing vehicular traffic from using that portion of the Embarcadero formerly used in connection with Francisco Street. It appears that Francisco Street at this point is but a block and a half long running from the Embarcadero to the base of Telegraph Hill, a distance of 1,000 feet. It also appears that the board maintains ample means of crossing the Embarcadero on streets approximately 300 feet from the intersection with Francisco. These facts are stated here to meet the plaintiff's charge of breach of discretion on the part of the board. The issue of power is simple.

Since the Embarcadero is a state-owned thoroughfare, the power of the Legislature to regulate its operation and control must be conceded. Hence the power of the State Harbor Board in this instance is controlled by the provisions of section 3131 of the Harbors and Navigation Code, as amended by statutes 1955, chapter 401, which reads:

"The thoroughfare shall have a roadway of 180 feet, and a sidewalk on its inner side of 20 feet in width, except that

the board may maintain thereon State Belt Railroad tracks in the manner and to the extent deemed by the board to be in the best interests of vehicular and railroad traffic *and in this connection the board may remove paving, erect barriers and perform such other acts as may prohibit the movement of vehicular and pedestrian traffic over and along the railroad tracks . . .*'' (Emphasis added.)

The question remaining is whether this amendment, having been enacted after the trial and judgment herein, is applicable on this appeal. ■ It is settled law that in an action in equity, as we have here, the rights of the parties will be determined upon the basis of the law as it exists at the time of the determination rather than as of the time the complaint was filed. ■ This rule applies to judgments on appeal as well as to judgments in the trial courts. (*Complete Service Bureau* v. *San Diego County Med. Soc.,* 43 Cal.2d 201, 207 [272 P.2d 497].)

An incidental question arises as to the form of the judgment. The defendants filed an answer to the complaint which also included a general demurrer. At the end of the hearing an order was entered reading ''motion for a non-suit and gen. dem. . . . granted.''

■ It is argued that a nonsuit is improper in an action for declaratory relief. Ordinarily that is so (*Essick* v. *City of Los Angeles,* 34 Cal.2d 614, 624 [213 P.2d 492]; *Kessloff* v. *Pearson,* 37 Cal.2d 609, 613 [233 P.2d 899]; *Anderson* v. *Stansbury,* 38 Cal.2d 707, 717 [242 P.2d 305].) But then the question arises whether it was prejudicial error.

■ As we have heretofore said, the complaint herein has some of the features of a case in declaratory relief, some of a mandatory injunction, and some of a prohibitory injunction. As to the two latter pleas the nonsuit is good; as to the former it was error. But, as in *Anderson* v. *Stansbury, supra,* the error was nonprejudicial.

For the same reason the judgment herein is affirmed.

Kaufman, J., concurred.

DOOLING, J.—I dissent. Since my associates have chosen to base their opinion on a single narrow ground with which I cannot agree I will, as they have done, refrain from discussing other grounds urged by respondents in support of the judgment. As they have chosen not to discuss those matters nothing that I might say about them could have any judicial

effect because the concurrence of at least two justices of this court is required to give any pronouncement judicial force. (Cal. Const., art. VI, § 4a.)

My associates assume, without discussion, that the 1955 amendment to section 3131, Harbors and Navigation Code, is a grant of power to the State Board of Harbor Commissioners to close the access from any San Francisco street leading into the Embarcadero by removing pavement and constructing barriers about the State Belt Railroad tracks.

Section 3131 does not deal with the subject of intersecting streets but with a wholly different subject. It deals exclusively with the width of the sidewalk and roadway of the 200-foot-wide thoroughfare along the San Francisco waterfront provided for in section 3130 of the same code, and with their construction and repair. Before the 1955 amendment, section 3131 read:

"The thoroughfare shall have a roadway of one hundred and eighty feet, and a sidewalk on its inner side of twenty feet in width. The roadway shall be constructed and kept in repair by the board. The sidewalk shall be constructed and kept in repair in the manner provided by law for the construction and repair of sidewalks on other streets of San Francisco."

It will be noticed that this section provided for "a roadway of one hundred and eighty feet." The word "roadway" indicates a way open for general public travel and, although other sections of the Harbors and Navigation Code authorized the operation of the State Belt Railroad on this roadway (§ 3150 et seq.) it nowhere expressly appeared that other traffic using the roadway could be excluded from that part of the tracks of the State Belt Railroad which occupied the 180-foot roadway provided for in section 3131.

This was the situation when the 1955 amendment was adopted, adding at the end of the first sentence of section 3131 above quoted the words: "except that the board may maintain thereon State Belt Railroad tracks in the manner and to the extent deemed by the board to be in the best interests of vehicular and railroad traffic and in this connection the board may remove paving, erect barriers and perform such other acts as may prohibit the movement of vehicular and pedestrian traffic over and along the railroad tracks."

This is expressly made an exception to the single requirement, which it immediately follows as a part of the same

sentence, that: "The thoroughfare shall have a roadway of 180 feet, and a sidewalk on its inner side of 20 feet in width." It excepts from the requirement of a roadway of 180 feet the tracks of the State Belt Railroad from which vehicular and pedestrian traffic may be excluded.

Our Supreme Court said in *People ex. rel. Happell* v. *Sischo*, 23 Cal.2d 478, 493 [144 P.2d 785, 150 A.L.R. 1431]:

"It is an accepted rule of statutory construction that a proviso is used to limit and qualify that which immediately precedes it and to expressly negative a construction that would prevail in the absence of the proviso. Likewise, the general rule is that that which is excepted from the operation of the statute by the proviso would, in the absence of the proviso, have been included within the general words of the statute."

What immediately precedes the proviso and what section 3131 would require in the absence of the proviso is a roadway 180 feet wide and a sidewalk 20 feet wide, and what is excluded from those widths by the exception are the portions thereof occupied by the State Belt Railroad tracks. The section does not deal with the subject of access to the Embarcadero from intersecting streets and the exception therefore does not cover that subject.

The matter of intersecting streets is, in fact, dealt with in section 3137, Harbors and Navigation Code, from which I quote:

"Whenever any section of the seawall and thoroughfare is constructed and ready for use, the board of supervisors of the City of San Francisco, shall cause the streets of the city to be extended and constructed, so as to intersect the section . . .

"When extended, they are public streets, and their roadways and sidewalks, to the intersection of the thoroughfare, shall be constructed and kept in repair in the manner provided by law for the construction and repair of the public streets of San Francisco."

It is obvious that this provision for extension and construction of city streets to intersect the thoroughfare (Embarcadero) has as its only purpose the use of those streets for access to and from the Embarcadero. (*Cf.* § 3138 giving the Board of Harbor Commissioners the right to use "any portion of the streets of San Francisco, ending or fronting upon the waters of the bay" for loading and landing merchandise "without obstructing them as thoroughfares.")

This right of access to the Embarcadero conferred by section 3137 was not made the subject of the exception to section 3131. To hold that it was would not only run counter to the rule of the Sischo case above discussed, but would result in the partial implied repeal of section 3137 by the amendment of 1955 to section 3131. Repeals by implication are not favored and the two acts must, if possible, be construed to give effect to both, unless they are clearly irreconcilable and repugnant. (23 Cal.Jur., Statutes, § 84, pp. 694-695.) For the reasons stated it is my conclusion that the 1955 amendment did not have the effect imputed to it by the majority opinion in this case.

A petition for a rehearing was denied March 2, 1956. Dooling, J., was of the opinion that the petition should be granted. The following opinion was then rendered:

THE COURT.—Petitioner's main contention is that the amendment of Harbors and Navigation Code, section 3131, like the section itself, relates to the width of the roadway and to the sidewalk of the Embarcadero only and therefore cannot grant power to the board to close Francisco Street or to act in violation of Harbors and Navigation Code, sections 3137 and 3138.

Although it is true that the amendment relates to the power of the board as to the Embarcadero itself only, the significant point is that the changes complained of were made solely on the Embarcadero itself and fully in accord with the power given in the amendment, which dispelled any doubt which may have existed as to whether the action of the board violated section 3131, *supra*. Petitioner has not convinced us that there is any ground which causes the works complained of nevertheless to be illegal. Francisco Street has not been closed, but only its direct communication with the Embarcadero for vehicular traffic prevented. Rules relating to closing of streets have no application. Harbors and Navigation Code, section 3137, which provides for extension of the city streets so as to intersect the Embarcadero, does not expressly provide that the direct vehicular traffic between the Embarcadero and any such extended street, however unimportant, is sacrosanct and we decline to give it such meaning by interpretation. Harbors and Navigation Code, section 3138, prohibits the obstruction of the streets near the waterfront as thoroughfares by using them for loading and landing of merchandise. Fran-

16

cisco Street has not been used in such manner. Both provisions predate the construction of the State Belt Railroad and should not be construed to limit the power of the board in relation to said railroad and its tracks when their language does not so require. The amendment of section 3131 directs the board to consider the best interest of both vehicular and railroad traffic and there is no evidence whatever showing that the board has abused its discretion in that respect. Neither is there any showing that any obstruction of the right of way to navigable water required for a public purpose (Cal. Const., art. XV, § 2) is actually here involved, so that it is unnecessary to decide whether said section would apply to obstruction by the board.

Appellant's petition for a hearing by the Supreme Court was denied March 28, 1956. Carter, J., was of the opinion that the petition should be granted.