[Civ. No. 26998. Second Dist., Div. One. Oct. 23, 1963.]

MICHAEL WIND et al., Plaintiffs and Respondents, v. BENJAMIN S. HITE, as Registrar of Voters, etc., Defendant and Appellant; THE PEOPLE, Intervener and Appellant.

Harold W. Kennedy, County Counsel, George W. Wakefield, Chief Assistant County Counsel, Edward H. Gaylord, Assistant County Counsel, and Gordon W. Treharne, Deputy County Counsel, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Burton J. Gindler, Deputy Attorney General, for Intervener and Appellant.

Loeb & Loeb and Herman F. Selvin for Plaintiffs and Respondents.

THE COURT.—There are two motions to dismiss appeal before this court. One motion is by the respondents Michael Wind, et al. The other motion is by the People of the State as intervener. ■ The action is for an injunction enjoining defendant Hite, as registrar of voters, from submitting a certain proposition to the voters of Los Angeles County at the general election to be held on November 6, 1962. The proposition was whether draw poker should be prohibited in Los Angeles County. The Board of Supervisors of Los Angeles County had adopted a resolution to the effect that pursuant to section 337s of the Penal Code, the registrar of voters was instructed to place the proposition upon the ballot for said election. The said section, which was applicable only in counties with a population exceeding 4,000,000, was to the effect that every person who deals or plays any game of draw poker is guilty of a misdemeanor. Upon the hearing of the application of plaintiffs-respondents Wind et al., the trial court, Judge Gitelson presiding, made a formal signed order which stated: ''The plaintiffs' application for a Preliminary Injunction is granted solely on the ground that Penal Code section 337s is unconstitutional, and not based upon any other equity consideration.''

The registrar and the People, as intervener, appealed from that order. Meanwhile the Supreme Court by writ of supersedeas stayed the enforcement of the injunction. The proposition was placed on the ballot.

The results of the official canvass of the said election show that the proposition was defeated at the election. All parties agree that the proposition was defeated and that the case and appeal are now moot. It is to be noted that the trial court, in addition to granting the injunction, adjudged that said section 337s of the Penal Code is unconstitutional.

The ruling of this court, pursuant to said motions to dismiss the appeal, is that the judgment from which the appeal is taken is reversed with directions to dismiss the action without prejudice on the merits, which reversal is upon the ground that the action has become moot by reason of the fact that the election proposition which was the basis of the action was defeated by the voters at said election.