[Civ. No. 32752. Second Dist., Div. Five. Oct. 20, 1969.]

JACK CALLIE, Plaintiff and Appellant, v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY et al., Defendants and Respondents; COUNTY OF LOS ANGELES, Defendant and Appellant.

[Civ. No. 32753. Second Dist., Div. Five. Oct. 20, 1969.]

LEO DICKER, Plaintiff and Respondent, v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY, Defendant and Appellant.

[Civ. No. 32892. Second Dist., Div. Five. Oct. 20, 1969.]

JACK CALLIE et al., Plaintiffs and Respondents, v. COUNTY OF LOS ANGELES et al., Defendants and Appellants.

(Consolidated Cases.)

## COUNSEL

Wyman, Bautzer, Finell & Rothman for Plaintiff and Appellant* in No. 32752, and for Plaintiff and Respondent in No. 32753.

John D. Maharg, County Counsel, Edward H. Gaylord, Assistant County Counsel, and Martin E. Weekes, Deputy County Counsel, for Defendant and Appellant in Nos. 32752 and 32753, and for Defendants and Appellants in No. 32892.

Pollock, Pollock & Fay for Plaintiffs and Respondents in No. 32892.

No appearance for Defendants and Respondents in No. 32752.

## OPINION

**AISO, J.**—All three consolidated cases raise the common issue of legality of playing the game, "panguingue," for money, checks, credits, or other things

*Jack Callie filed papers on August 29, 1968, in all three cases, purporting to appear in pro. per. However, no substitution of counsel appears in cases No. 32752 and No. 32892 where he would have standing to appear. He, of course, cannot appear for Dicker in either No. 32753 or No. 32892.

of value in public card clubs in the unincorporated territory of Los Angeles County.

In Nos. 32752 and 32753, the County of Los Angeles and the Board of Supervisors of Los Angeles County appeal from judgments, respectively entered June 14, 1967, which mandated the board of supervisors to remove the condition placed on Callie's and Dicker's respective card club licenses precluding the playing of or the permitting of the playing of panguingue for money, checks, credits, or other things of value, and which awarded Callie and Dicker their respective costs of suit.

Callie's amended "complaint" in No. 32752 combined a petition for a writ of mandamus with a complaint seeking declaratory relief that the playing of or permitting the playing of panguingue for money, etc., is legal and injunctive relief against arrests or attempts to arrest of persons engaged in such activity under either Ordinances 7615 or 5860 of Los Angeles County,[1] section 16240 of the Business and Professions Code, or section 330 of the Penal Code. He cross-appeals from the portion of the judgment which sustains, without leave to amend, a demurrer to the alleged cause of action for declaratory and injunctive relief and which orders its dismissal. In this case, the parties stipulated in the trial court that in the event of an appeal, the appellate court decision in No. 32753 shall be deemed to be the decision in this case, No. 32752.

In No. 32892, Callie and Dicker joined as co-plaintiffs and brought a third action against the County of Los Angeles and Peter J. Pitchess, in his capacity as its sheriff, for declaratory and injunctive relief. The defendants appeal from the judgment therein entered October 20, 1967, which (1) declared: (a) Ordinance 9369 of Los Angeles County to be null and void as being arbitrary, discriminatory, and violative of equal protection under the federal and state Constitutions, and (b) Callie and Dicker to be entitled to card club licenses to play or to permit the playing of card games for money, etc., which do not violate section 21 of Ordinance 461 of Los Angeles County, as amended by Ordinance 7165 (*sic*, 7615); (2) perpetually enjoined and restrained defendants, and each of them, from enforcing Ordinance 9369; and (3) awarded plaintiffs their costs of suit.

When the judgments in Nos. 32752 and 32753 were entered on June 14, 1967, section 21 of Ordinance 461 (originally adopted March 19, 1917, and as amended by Ordinance 7615 adopted September 20, 1953) read: "A person shall not deal, play, carry on, open, cause to be opened, or conduct any *game of chance played with cards,* dice, or other device, for money, checks, credits, or other thing of value. A person shall not bet at any such

---

[1]References hereafter to ordinances refer to ordinances adopted by the Board of Supervisors of Los Angeles County, who in turn for brevity will be referred to as "the Supervisors." Panguingue is not preempted by state legislation and is subject to local control (*In re Hubbard* (1964) 62 Cal.2d 119 [41 Cal.Rptr. 393, 396 P.2d 809]).

game." (Italics added.) The rationale of the trial court in arriving at its respective judgments in these two cases was: Section 21 prohibits only games of chance played with cards. Panguingue, as a matter of law, is not a game of chance but one of skill. Ergo the Supervisors erred in their "Decisions and Orders" finding panguingue to be a game of chance and imposing a condition on the licenses of Callie and Dicker precluding the playing of panguingue for money, etc., on their premises covered by such licenses.

Six days later, on June 20, 1967, the Supervisors adopted Ordinance 9369, amending section 21 of Ordinance 461 to read: "A person shall not deal, play, carry on, open, cause to be opened or conduct any game of chance played with cards, dice, or other device, or *the game of Panguingue or Draw Poker*[2] for money, checks, credits, or other things of value. A person shall not bet at any such game." (Italics added.)

Section 2 of this Ordinance 9369 contained a declaration of urgency: "In the unincorporated territory of this County, two card clubs are ready to begin the playing of Panguingue for money and additional card clubs at which Panguingue will be played for money are threatened, thereby bringing gambling into the unincorporated areas of the County to the detriment of the public welfare. By reason of the foregoing facts this Ordinance is urgently required for the immediate preservation of the public peace, health and safety, and the same shall take effect upon passage hereof."

The defendants stipulated in case No. 32892 for the purposes of that case only that panguingue be deemed a game of skill. The court found that the two card clubs referred to in section 2 of Ordinance 9369 to be that of the plaintiffs, Dicker and Callie, and by its judgment entered October 20, 1967, declared Ordinance 9369 constitutionally void and perpetually enjoined the County of Los Angeles and Peter J. Pitchess, its sheriff, from enforcing it.

On December 5, 1967, the Supervisors adopted Ordinance 9464, which amended section 21 of Ordinance 461 to read: "A person shall not deal, play, carry on, open, cause to be opened, or conduct any game played with cards, dice, or other device for money, checks, credits, or other thing of value. A person shall not bet at any such game." The amendment deleted the words, "of chance" and the words "or the game of Panguingue or Draw Poker" from the first sentence of the section.

This Ordinance 9464 also added a section 5 to article 1 of Ordinance 461: "Sec. 5. This Ordinance does not apply to: (a) Any game mentioned in Section 330 or 330a of the Penal Code. (b) Any game which is a game

---

[2]Cf. Penal Code section 337s.

of pure skill in which there is no element of chance whatever, such as chess and checkers. (c) The games of bridge,[3] whist, gin rummy, or pinochle."

Still later, on April 23, 1968, the Supervisors adopted Ordinance 9555, which repealed section 5 of article 1 of Ordinance 461 and enacted a section 3 under article 1 reading: "This ordinance does not prohibit any act either positively permitted or prohibited by State law."

To recapitulate, section 21 of article 2 of Ordinance 461 (as amended), read in the light of section 3 of article 1 thereof, prohibits the playing of any game played with cards for money, etc., unless it is positively permitted by state law and prevents the section from being applied to any game played with cards for money which is prohibited by state law which operates as a state preemption as to that particular game.

■ The threshold question is whether the appeals, or any of them, are moot because of intervening amendatory legislative promulgations after the entry of judgment in the trial court but before the judgment of the appellate court.[4] We hold each appeal to be moot and reverse each of the judgments appealed from without reaching the merits for the reasons we now set forth.

■ "Repeal or modification of a statute [or ordinance] under attack, or subsequent legislation, may render moot the issues in a pending appeal." (3 Witkin, Cal. Procedure (1954), Appeal, § 163, p. 2353. In support of this proposition of law are cases, e.g., *Paul* v. *Milk Depots, Inc.* (1964) 62 Cal.2d 129, 133-134 [41 Cal.Rptr. 468, 396 P.2d 924]; *Hake* v. *City of Bakersfield* (1942) 49 Cal.App.2d 174, 175 [121 P.2d 25]; *Diederichsen* v. *Sutch* (1941) 47 Cal.App.2d 646, 650-651 [118 P.2d 863]; *Equi* v. *City & County of San Francisco* (1936) 13 Cal.App.2d 140, 141-142 [56 P.2d 590]; accord 4 Cal.Jur.2d, Appeal and Error, § 533, pp. 385-386.) ■ It is also an established rule of law that on appeals from judgments granting or denying injunctions, the law to be applied is that which is current at the time of judgment in the appellate court (see, e.g., *Complete Service Bureau* v. *San Diego County Medical Soc.* (1954) 43 Cal.2d 201, 207 [272 P.2d 497]; *Cal-Dak Co.* v. *Sav-On Drugs, Inc.* (1953) 40 Cal.2d 492, 496-497

---

[3]Cf. *In re Allen* (1962) 59 Cal.2d 5 [27 Cal.Rptr. 168, 377 P.2d 280, 97 A.L.R.2d 1415], holding bridge not to be a game of chance within the meaning of section 21 of Ordinance 461 as it read on December 19, 1962.

[4]Each party at some time pending appeal decision has sought to have one or more of the appeals dismissed as having become moot: Callie and Dicker, through counsel, in Nos. 32752 and 32753 on April 30, 1968, and Callie, purporting to appear in propria persona, in all three consolidated cases on August 29, 1968. The county and board of supervisors urge mootness in their reply brief in Nos. 32752 and 32753, but take an inconsistent position that No. 32892 is not moot until the validity of Ordinance 9464 has been determined. However, the fact that 9464 has been superseded by Ordinance 9555 was brought to the attention of this court by Dicker's motion to dismiss the appeal in No. 32753. We take judicial notice of Ordinance 9555. (Evid. Code, § 452, subd. (b), and Legislative Committee Comment thereon, and § 459.)

[254 P.2d 497]; *City & County of San Francisco* v. *Budde* (1956) 139 Cal.App.2d 10, 11 [292 P.2d 955, 294 P.2d 503]; *Renken* v. *Compton City School Dist.* (1962) 207 Cal.App.2d 106, 116 [24 Cal.Rptr. 347]), because "[r]elief by injunction operates in futuro." (*Cal-Dak* v. *Sav-On Drugs, Inc., supra; Diedrichsen* v. *Sutch, supra.*) The same equitable considerations also have been applied in the case of mandamus proceedings. (*Bruce* v. *Gregory* (1967) 65 Cal.2d 666, 671 [56 Cal.Rptr. 265, 423 P.2d 193]; *West Coast Advertising Co.* v. *City & County of San Francisco* (1967) 256 Cal.App.2d 357, 360 [64 Cal.Rptr. 94]; *Renken* v. *Compton City School Dist.* (1962) *supra,* 207 Cal.App.2d 106, 116.)

The parts of the Ordinances Nos. 7615 and 9369 determinative of the trial court's decisions in each of the three cases have not been reenacted by either Ordinances 9464 or 9555, so that resort cannot be had to the rule pronounced in *Carter* v. *Stevens* (1930) 208 Cal. 649, 651 [284 P. 217], that parts of a statute reenacted in a new amendatory statute are not deemed moot.

Where an appeal is disposed of upon the ground of mootness and without reaching the merits, in order to avoid ambiguity, the preferable procedure is to reverse the judgment with directions to the trial court to dismiss the action for having become moot prior to its final determination on appeal. (*Paul* v. *Milk Depots, Inc.* (1964) *supra,* 62 Cal.2d 129, 134-135; *Wind* v. *Hite* (1963) 221 Cal.App.2d 466, 467 [34 Cal.Rptr. 662]; cf. *Smokler* v. *City of Los Angeles* (1951) 106 Cal.App.2d 438 [235 P.2d 42].)

The judgment in each case is reversed with directions to the trial court to dismiss the action as being moot; each party to bear its own respective costs on appeal.

Kaus, P. J., and Stephens, J., concurred.