[Civ. No. 57225. Second Dist., Div. Five. Dec. 29, 1980.]

PROFESSIONAL ENGINEERS IN CALIFORNIA
GOVERNMENT, Plaintiff and Respondent, v.
DEPARTMENT OF TRANSPORTATION,
Defendant and Appellant.

**COUNSEL**

Richard G. Rypinski, Robert F. Carlson, William M. McMillan, James L. Kirschman and Stephanie G. Sakai for Defendant and Appellant.

LeMaire, Faunce & Katznelson, Edward L. Faunce and Mark Ellis Singer for Plaintiff and Respondent.

**OPINION**

**STEPHENS, Acting P. J.**—Respondent, employee organization Professional Engineers in California Government (hereinafter PECG), filed a

petition on June 21, 1978, for peremptory writ of mandate pursuant to the George Brown Act (hereinafter GBA; Gov. Code, §§ 3525 through 3536, entitled "State Employee Organizations"),[1] seeking to compel the Department of Transportation (hereinafter Department) to meet and confer in good faith with respondent with respect to the manpower needs of said Department. PECG also sought a writ commanding Department to furnish information within its manpower needs, including, but not limited to "promotions, work loads, demotions, transfers, reclassifications, staffing plans and allocations, potential layoffs or reduction of staff, reemployment of previously demoted or laid-off engineers, vacancies, downgrading of positions, and temporary assignments of engineers."

The Department's demurrer, filed on July 10, 1978, asserting, inter alia, that it had no legal duty to meet and confer on said "manpower needs," was overruled by the trial court. In granting PECG's petition the court ordered the Department ". . . to meet and confer in good faith with the petitioner with respect to rules and practices or both respecting demotions, transfers, reclassifications, change of staffing and allocations, layoffs or reduction of staff, reemployment of previously demoted or laid off engineers, filling of vacancies, downgrading of engineering positions, temporary assignments, promotions and work load of categories of engineers which include one or more of petitioner's members, . . . " The court further ordered the Department, in meeting and conferring, to "endeavor to reach agreement and exchange information as to what records each party has which are relevant to the subjects under discussion and make available within a reasonable period of time such records for inspections and copying by the other party in response to reasonably specific requests therefor." The case was tried, argued and submitted on August 28, 1978; judgment was entered on February 8, 1979.

On appeal from the issuance of the peremptory writ of mandate, the Department contends initially that the controversy is moot because (1) the "meet and confer" provision for state employees set forth in the GBA is no longer applicable to PECG members,[2] and (2) the presently applicable State Employer-Employee Relations Act (hereinafter

---

[1] All code sections referred to herein are to the Government Code unless otherwise specified.

[2] The trial court found that at "[a]ll times material to 'the action herein' California Government Code Sections 3525 through 3536 govern[ed] the rights of state employees to form, join and participate in employee organizations as well as the rights of those organizations to represent their members."

SEERA) (§§ 3512-3524 [which became operative July 1, 1978, with the exception of § 3522.65, which became operative Jan. 1, 1980]) imposes no requirement on the department to meet and confer with respondent, with regard to nonsupervisory personnel unless and until respondent meets the definition of a "recognized employee organization" (pursuant to §§ 3513, subd. (b), 3515.5 and 3517), and with regard to both nonsupervisory and supervisory personnel unless and until the department is designated as the Governor's representative under section 3517 or section 3522.65, respectively.

Respondent contends that it has a continuing right to meet and confer with appellant, which right arises from both the GBA and SEERA. Respondent argues that the GBA must be deemed applicable to respondent "until such time as the rights under [SEERA] can be fully implemented. . . ." Respondent points out that it retains its status as an "employee organization" under sections 3513, subdivision (a), and 3515.5 of SEERA and therefore may continue to represent its members in their employment relations with the State prior to any determination of an exclusive, i.e., recognized employee organization under section 3515.5.

Respondent further contends that appellant has a continuing duty to meet and confer with respondent, arguing that such a duty on the part of the appellant is the necessary corollary to the rights granted respondent (under §§ 3528 and 3529 of the GBA and §§ 3515.5 and 3516 of SEERA) to represent its members in their employment relations. Finally, respondent utilizes the same argument in addressing appellant's duty to meet and confer with respondent concerning supervisory employees represented by respondent; under SEERA, "supervisory employees" do not have rights coextensive to those of nonsupervisory employees. Respondent argues that SEERA permits such employees to be represented by nonrecognized employee organizations, and that such representation, consistent with rights previously guaranteed under the GBA, imposes a duty on appellant to meet and confer with respondent concerning its "supervisory" members.

It is important to note, at the outset of our analysis of the statutory scheme in issue, that the law to be applied in the instant action is "that which is current at the time of judgment in the appellate court." (*Callie v. Board of Supervisors* (1969) 1 Cal.App.3d 13, 18-19 [81 Cal.Rptr. 440].) We noted in *Callie* the rule that modification of a statute or subsequent legislation may render moot the issues in a pending appeal.

(*Id.*) In the case at bar, we have determined that the current statutory scheme delineating the meet and confer rights applicable to PECG under SERRA is materially different from that applied by the trial court. As a result, the controversy is moot.

## I.

Respondent argues that its right to meet and confer with appellant arises under the GBA, until such time as any correlative right under SEERA can be fully implemented. Respondent at no point addresses the obstacle to such a position presented by section 3526 of the GBA. Under subdivision (a) of that section, an employee organization is defined as "...any organization which includes employees of the state, as defined in subdivision (c)...." Subdivision (c) *excepts* from the definition of "employee of the state" *any civil service employees of the state.*[3] In light of this explicit exception, respondent's description of the consistency in the aims and language of the GBA and SEERA cannot establish a judicial right to "deem" the GBA operative as to PECG. The argument that respondent will be subjected to inequitable hardship if the statute is applied as written therefore comports with neither the law, as demonstrated, nor, as will be seen, with the facts material to the instant action.

## II

Having determined that PECG is excluded from coverage under the GBA, we turn to an examination of respondent's rights under SEERA.

The primary distinctions between the GBA and SEERA which are pertinent to this appeal are these: The GBA *originally* provided state civil service employees the right to be represented by employee organizations of their own choosing in nonbinding meet and confer sessions with the affected state department or agency (§§ 3525-3536, added by Stats. 1971, ch. 254, § 6.)

SEERA differs dramatically from the preexisting law. Under its provisions, the state has varied obligations to meet and confer with state civil service employees. If such employees fit the definition of either "managerial" or "confidential employees" they are excluded from

---

[3]Civil service employees of the state were excepted from section 3526, subdivision (c), by 1979 amendment (ch. 98, § 3, eff. and operative June 6, 1979, and § 4, eff. June 6, 1979, operative July 1, 1979 respectively).

SEERA's coverage altogether (§ 3513, subd. (c), (e), (f)). An employee organization representing state civil service employees conforming to the definition of "supervisory employees" (set forth in § 3522.1) has meet and confer rights as delineated in section 3522.6. Under section 3515.5, an employee organization representing civil service employees who are neither managerial, confidential, or supervisory (i.e., nonsupervisory personnel) may be recognized as the exclusive representative of an appropriate unit under sections 3520.5 and 3521. A "recognized" employee organization has the right to meet and confer with the Governor or his representative (§ 3517); any subsequent agreement shall be set forth in a memorandum of understanding (§ 3517.5). In the event that the Governor and the recognized employee organization fail to reach agreement, section 3518 provides for the appointment of a mediator.

With regard to the above provisions, appellant argues that inasmuch as section 3517 requires the Governor or his representative to meet and confer with representatives of *recognized* employee organizations, the nonsupervisory employees represented by respondent have no meet and confer rights under SEERA until PECG obtains "recognized" status under sections 3515.5, 3520.5 and 3521.

Respondent points out that SEERA contemplates enhanced communication and the resolution of disputes regarding wages, hours, and other terms and conditions of employment between the state and its employees, and the improvement of personnel management and employee-employer relations within the State of California (§ 3512). Respondent argues that the termination of collective bargaining rights until such time as exclusive units may be recognized is contrary to the spirit and intent of a trend to extend collective bargaining rights to government workers as illustrated by passage of the GBA in 1961 and culminating in the passage of SEERA. Moreover, respondent argues that the language in section 3515.5 extends the right of representation to PECG regardless of whether PECG is recognized as an exclusive representative: "Employee organizations shall have the right to represent their members in their employment relations with the state, except that once an employee organization is recognized as the exclusive representative of an appropriate unit, the recognized employee organization is the only organization that may represent that unit in employment relations with the state." We therefore agree with respondent's position that it retains the right to represent its nonsupervisory members under SEERA; in view of the fact that section 3522.4 provides for *only* nonexclusive rep-

resentation of PECG's supervisory members, we find that respondent presently has the right under SEERA to represent nonsupervisory and supervisory civil service employees in their employment relations with the State of California.

## III

The next step in respondent's argument posits a necessary corollary to the "right to represent" discussed *ante*. Respondent argues that if PECG's right to represent its members is to have any substance at all, a duty must be implied as to appellant to meet and confer with respondent. As already shown, the GBA, contrary to respondent's vigorous denial, is no longer applicable to any civil service employees of the state (§ 3526, subd. (c).) Therefore, any meet and confer rights granted to respondent must be found within SEERA.

SEERA, in this particular regard, differs from the GBA explicitly: Under section 3526, subdivision (b), the State of California is defined as "...such state agencies, boards, commissions, administrative officers, or other representatives as may be designated by law,..." Under SEERA, however, the "State employer" or "Employer" for the purposes of bargaining or meeting and conferring means the Governor or his designated representatives (§§ 3513, subd. (i), 3522.65). Hence, appellant's argument that it has no duty to meet and confer under SEERA until designated as the Governor's representative for this purpose. In view of this explicit distinction between the two acts, and respondent's misplaced reliance on the continued applicability of the GBA as to PECG, we must agree with appellant: The duty to meet and confer with employee organizations under SEERA is imposed upon the Governor or his designated representatives.

Two remaining points should be addressed. Although respondent claims that if appellant prevails, all representation will be eliminated until such time as SEERA becomes fully operative, they elsewhere concede that "the Governor's Office of Employee Relations has continued and is continuing to meet and confer with respondent subsequent to the adoption of SEERA." Such communication seems consistent with SEERA, and with the legislative directive that civil service employees shall no longer be covered under section 3526.

Secondly, we are cognizant of the apparent anomaly between section 3515.5 of SEERA, which grants the right to nonrecognized employee

organizations to represent their nonsupervisory members, and section 3517, which requires the Governor or his designated representatives to meet and confer with *recognized* employee organizations. However, inasmuch as we are not directed to this issue, and in view of the fact that respondent concedes that the Governor's Office of Employee Relations is meeting and conferring with PECG despite its "nonrecognized" status, we refrain from any consideration of this issue until confronted by it.

The judgment is reversed.

Ashby, J., and Hastings, J., concurred.