Filed 3/23/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ANGELA FLORES et al., | B309918 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 19STCP03681) |
| v. | |
| DEPARTMENT OF TRANSPORTATION, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  James C. Chalfant, Judge.  Reversed and remanded.

Christopher Sutton for Plaintiffs and Appellants.

Erin E. Holbrook, Chief Counsel, Jerald M. Montoya, Deputy Chief Counsel, Erick Solares, Assistant Chief Counsel, Kirsten Bowman, Assistant Chief Counsel and Peter Ackeret, Deputy Attorney for Defendant and Respondent.

_____

Angela Flores, Marysia Wojick, and Priscela Izquierdo (appellants) filed a petition for writ of mandate and/or injunctive relief compelling the Department of Transportation of the State of California (Caltrans) to sell them the homes they are renting at the original price paid by Caltrans when it purchased the properties to make way for the 710 Freeway. Under the version of Government Code section 54237.9[1] effective at the time of the decision in the trial court, the trial court held that Caltrans was permitted to sell the homes at the original price paid by Caltrans adjusted for inflation. The trial court therefore denied appellants' petition. On appeal, the parties' dispute centers on whether Caltrans may be compelled, through a writ of mandamus and injunctive relief, to sell appellants the homes at the original purchase price without adjusting for inflation.

In July 2021, while this appeal was pending, the California Legislature amended section 54237.9 by adding a sentence precluding adjustment for inflation. (Gov. Code, § 54237.9, as amended by Stats. 2021, ch. 130 (S.B. 51), § 4.)

The parties dispute whether the new version of section 54237.9 applies to this matter. Because this suit seeks a writ of mandamus and injunctive relief compelling Caltrans to sell the homes at a certain price, and thus prospective relief, California Supreme Court precedent establishes that we must apply the law current at the time of the decision in the Court of Appeal. Accordingly, we reverse and remand to the trial court to apply the current version of section 54237.9 to this matter.

---

[1] Undesignated statutory references herein are to the Government Code.

In addition, appellants argue that the trial court erred in its evidentiary ruling as to Exhibit 7. We conclude that this issue is moot.

## BACKGROUND

In August 2019, Caltrans offered to sell appellants the homes that they rent from Caltrans at Caltrans's original purchase price adjusted for inflation. That same month, appellants filed a petition for writ of mandamus and/or injunctive relief compelling Caltrans to instead sell the homes to appellants at the original acquisition price—without adjusting for inflation—and to "re-draft all proposed sales documents."

After a court trial, the trial court found for Caltrans. It examined the interplay between the then-current version of section 54237.9 and other applicable laws and denied the requested writ and injunction.

Section 54237.9 previously required that the homes be sold at the "original acquisition price," and was silent as to adjustment for inflation. (Former Gov. Code, § 54237.9.) Effective July 23, 2021, while this appeal was pending, the California Legislature revised section 54237.9 to add: "The original acquisition price shall not be adjusted for inflation . . . ." (§ 54237.9.)

On appeal, the parties disagree as to whether Caltrans is required to sell the homes at the "original acquisition price," or at the "original acquisition price" adjusted for inflation. We ordered supplemental briefing from the parties asking whether we should remand to the trial court to let it decide if and how the amendment to section 54237.9 applies to the present case. The parties filed letter briefs, predictably disagreeing on whether remand was warranted.

3

## DISCUSSION

### I.  Standard of Review

We apply a de novo standard of review to purely legal questions of law, including questions regarding the retroactive application of a statute on appeal.  (*City of San Jose v. International Assn. of Firefighters, Local 230* (2009) 178 Cal.App.4th 408, 421; *Dawson v. East Side Union High School Dist.* (1994) 28 Cal.App.4th 998, 1041.)  We further review the denial of a writ of mandate de novo.  (*Bergeron v. Department of Health Services* (1999) 71 Cal.App.4th 17, 22.)

### II.  The Current Version of California Government Code Section 54237.9 Applies

Caltrans argues that the 2021 revision to section 54237.9 was not explicitly made retroactive by the Legislature, and therefore it has no applicability to Caltrans's 2019 sales offers.  Appellants argue that the law in effect at the time of the decision in the Court of Appeal applies.  Long-standing precedent governing suits for injunctive and writ relief, like this one, favors appellants.

As our Supreme Court long ago established, in suits for injunctive relief, we "apply the law currently in effect" at the time of the appellate decision.  (*Koebke v. Bernardo Heights Country Club* (2005) 36 Cal.4th 824, 837 (*Koebke*), citing *White v. Davis* (1975) 13 Cal.3d 757, 773, fn. 8 (*White*).)  In *White*, the court held that a complaint stated a cause of action under a provision of the California Constitution that was adopted *after* the trial court's decision on the injunction because relief by injunction operates prospectively, so the right to the injunction must be determined under law at the time of the appellate court's decision.  (*White*, *supra*, 13 Cal.3d at p. 773, fn. 8.)

4

Similarly, in *Keobke*, the court examined whether a gay couple had been discriminated against by a country club that treated their partnership status differently than married couples. The plaintiffs sought both damages and injunctive relief. The court applied the version of the applicable civil rights law that was current at the time of review by the Supreme Court, even though an older version had applied when the country club acted, because of the forward-looking nature of injunctive relief. (*Koebke*, *supra*, 36 Cal.4th at p. 837.)

Another Supreme Court decision that is particularly instructive here is *Hays v. Wood* (1979) 25 Cal.3d 772 (*Hays*). In *Hays*, Wood, a city council member from 1974 to 1976, refused to comply with financial disclosure obligations under the Political Reform Act of 1974, so the city attorney sought an injunction compelling compliance. Meanwhile, the Act was amended by the Legislature in 1977. The *Hays* court held that the new law applied to the suit on appeal because the " ' "[r]elief by injunction operates in futuro, and the right to it must be determined as of the date of decision by an appellate court." ' " (*Id.* at p. 782, quoting *White, supra*, 13 Cal.3d at p. 773, fn. 8.)

The Supreme Court has extended the equitable principles underlying its injunctive relief jurisprudence above to writs of mandamus, and the Courts of Appeal have followed. (*Bruce v. Gregory* (1967) 65 Cal.2d 666, 670–671 [upholding writ decision by trial court based on new regulations promulgated after conduct and writ was filled, and where outcome would have been otherwise under old regulations]; *Citizens for Positive Growth & Preservation v. City of Sacramento* (2019) 43 Cal.App.5th 609, 626, citing *Callie v. Board of Supervisors* (1969) 1 Cal.App.3d 13, 18–19 (*Callie*); 9 Witkin, Cal. Procedure (6th ed. 2021) Appeal,

§ 359 ["Where there has been a change in the circumstances or the law following the entry of an equitable decree, such as a prohibitory injunction, this may be shown on appeal as the basis for reversal or modification"].)

For example, in another case where a writ of mandate was sought against Caltrans and then a new law was passed that applied to the claim, the Court of Appeal applied the new law, stating "[i]t is important to note, at the outset of our analysis of the statutory scheme in issue, that the law to be applied in the instant action is 'that which is current at the time of judgment in the appellate court.' " (*Professional Engineers in Cal. Government v. Department of Transportation* (1980) 114 Cal.App.3d 93, 96, quoting *Callie, supra,* 1 Cal.App.3d at pp. 18–19.)

Caltrans does not make any attempt to distinguish any of the above precedent. Rather, Caltrans relies on a proposition in a Fourth District opinion stating that "[g]enerally, statutes do not apply retroactively unless the Legislature clearly indicated otherwise." (*Phillips v. St. Mary Regional Medical Center* (2002) 96 Cal.App.4th 218, 229 (*Phillips*).) *Phillips* is inapplicable. It concerns the denial of a demurrer in a wrongful termination action, not a writ of mandate nor an injunction, and thus has no bearing on the binding California Supreme Court precedent cited above. (*Id.* at pp. 223–225.)

Caltrans fails to recognize that suits for writs of mandamus and injunctive relief seek prospective relief, and thus do not involve any analysis of whether the applicable statute is retroactive on its face, as Caltrans asserts. (See *White, supra,* 13 Cal.3d at p. 773, fn. 8.) Appellants seek a writ of mandate and/or injunction compelling Caltrans to sell them the homes they

6

currently rent at a certain price and to re-draft the sales offers accordingly. This is unlike a case where Caltrans is sued for past damages allegedly caused by Caltrans employees. We therefore do not utilize retroactivity analysis because the relief sought is prospective. Our conclusion is in accord with the detailed discussion of the applicability of statutory revisions to prospective actions concerning insurance contracts in *McHugh v. Protective Life Ins. Co.* (2021) 12 Cal.5th 213, 227–235. For the foregoing reasons, we determine that the revised version of section 54237.9, effective July 23, 2021, applies to this matter.

## III.   The Trial Court Must Determine How Revised Section 54237.9 Applies

When legislation changes in a material way, the matter may become moot on appeal. (*Bravo Vending v. City of Rancho Mirage* (1993) 16 Cal.App.4th 383, 393 ["Because the current version of an ordinance controls, the issues raised by an appeal may be rendered moot by an amendment which either repeals or significantly modifies the portion of the ordinance to which the challenge is directed"].) It is unclear whether our holding that the sales price is to be calculated utilizing the revised language in section 54237.9 means the parties will agree on the calculation. It is appropriate for the trial court to consider in the first instance what new calculations are compelled by our decision. Appellants have also requested that we determine attorneys' fees and costs. We leave that determination and calculation to the trial court as the prevailing party has changed.[2]

---

[2]     Before the trial court, appellants asserted several non-price-related claims as to the invalidity of terms of Caltrans's sales offers, but they do not specifically raise these issues with arguments on appeal, so we do not address them.

7

## IV.  The Trial Court's Exhibit 7 Ruling

Appellants also argue that we should reverse the trial court's ruling excluding their Exhibit 7 at trial, which was legislative history for Caltrans's 2019 emergency regulations. We believe this point has become moot considering our holding above.  We also note that Exhibit 7 was not excluded from the evidence in its entirety.  The trial court simply held that it would not take judicial notice of the annotations (handwriting) on the statute and of the last page of the document because it did not seem to match the other pages.  The trial court also noted that Caltrans itself "presented the emergency regulations in proper form."  The proffered evidence made it into the record.

### DISPOSITION

The judgment is reversed and remanded for the trial court to apply the revised version of section 54327.9 in adjudicating the petition.  Appellants are awarded their costs on appeal.

**CERTIFIED FOR PUBLICATION**

HARUTUNIAN, J.[*]

We concur:

STRATTON, Acting P. J.        WILEY, J.

---

[*]     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.